NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 16, 2008*
Decided April 29, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2544

ROBERT O. IDAHOSA,
    *Plaintiff-Appellant*,

       *v.*

BRIAN K. DESPINES and VILLAGE OF CREVE COEUR,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Central District of Illinois.

No. 05-cv-1159

Joe Billy McDade, *Judge*.

**Order**

Robert Idahosa was ticketed for speeding but did not respond to the summons. As a result of that default he was fined. But he did file this action in federal court under 42 U.S.C. §1983, charging the officer who issued the ticket, and the village that employed him, with constitutional torts. The district court entered summary judgment for the defendants.

Officer Despines stopped Greg Gibbs for speeding. Idahosa, who had been following Gibbs's car, stopped voluntarily and told Despines that the pair had been traveling

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

in tandem. Despines concluded that Idahosa, too, must have been speeding. Both Gibbs and Despines ended up with tickets. Idahosa accuses Despines of race discrimination; he believes that Despines was biased against him because of his race (Idahosa is black). This is a non-starter. Gibbs, who is white, was the one pulled over; both drivers received tickets, so it is hard to see discrimination. What's more, §1983 cannot be used to wage a collateral attack on a state court's judgment. Whether the ticket reflected discrimination is an issue that could have been raised as a defense. Idahosa is not in custody as a result of the fine (and this is not an action under 28 U.S.C. §2254). Judgments rendered by state courts must be challenged through the state system; the losing litigant cannot move to federal court. That's the point of the *Rooker-Feldman* doctrine, which we applied to similar events in *Sides v. Champaign*, 496 F.3d 820 (7th Cir. 2007). And even if Idahosa were in custody, and this were a collateral attack, he still could not succeed on the equal-protection theory, which was never presented to the state court and has been procedurally defaulted. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Idahosa is entitled to challenge any search and seizure that preceded the state-court proceedings. See *Wallace v. Kato*, 127 S. Ct. 1091 (2007). The district judge erred in supposing that *Heck v. Humphrey*, 512 U.S. 477 (1994), prevents Idahosa from bringing suit. *Heck* applies only to situations that entail ongoing custody, see *Muhammad v. Close*, 540 U.S. 749 (2004); *Simpson v. Nickel*, 450 F.3d 303 (7th Cir. 2006), and as *Wallace* holds does not affect search-and-seizure claims even by persons who have been convicted. But this error is irrelevant, because Idahosa was never searched or seized. Officer Despines stopped Gibbs, not Idahosa. The ticket was neither a search nor a seizure; a ticket is just the complaint that initiates litigation. A ticket might have led to a seizure, as in *Atwater v. Lago Vista*, 532 U.S. 318 (2001), but Despines did not take Idahosa to the stationhouse for booking. So there is no problem under the fourth amendment—and there was in any event probable cause for the ticket. Cf. *Whren v. United States*, 517 U.S. 806 (1996).

AFFIRMED